## MOBERLY FUEL & TRANSFER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27862.   Promulgated November 6, 1929.

*Charles P. Woodbury, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The first alleged error involves the rejection of petitioner's claim of deduction for losses sustained in the prior year. Two items figure in this loss, viz, (1) $4,129.23, representing the cost of shaft No. "2," and (2) $3,720 as the cost of the leases abandoned. In respect to the first item the record shows that this expenditure was made in 1918 and that the shaft was operated by the petitioner until 1921, at which time it was abandoned on account of the exhaustion of the coal. Obviously, some loss resulted from the abandonment of this shaft in 1921, but the record fails to establish its depreciated cost on said date and we are unable to determine what that loss was. It, therefore, follows that this first item can not be considered by us in this computation.

The second item refers to the cost of the leases abandoned in 1921. The record shows that the value, or rather lack of value, of these leases was not determined until the completion of the drill tests in 1921. These tests showed an absence of coal in the ground covered

by these leases in sufficient quantities to justify commercial operations. The investment in these leases, plus the cost of these tests, therefore, resulted in a total loss to the corporation, which it was entitled to take in 1921. We, therefore, hold that so much of this item ($3,720) as may be included in any net operating loss sustained by the petitioner in 1921 may be deducted from its net income for 1922.

The remaining assignment of error relates to respondent's rejection of petitioner's claim for deduction on account of depletion of its reserve during 1922. In support of this claim the petitioner urges that it spent the sum of $41,189.51 in the development of its shaft No. " 3," out of which it lifted 18,340 tons of coal during the taxable year. Estimating its entire recoverable reserve to be 400,000 tons, and setting up this alleged expenditure as the basic value, it determines a depletion cost unit of .103 cents per ton. With this unit of value it determines a depletion of its reserve, through the 18,340 tons mined, in dollars and cents, of $1,887.07. The respondent denies petitioner's right to claim depletion upon any cost price theory, and alleges that it acquired no property interest to the coal in place which could be subject to depletion in view of the fact that the lease was procured without cost, and argues that the payment of royalties under the lease amounted to a purchase of each ton of coal, as and when mined. He further denies that the expenditure claimed by petitioner as development cost was made solely in connection with its shaft No. " 3," or under circumstances that would entitle it to be included in the basic value of the coal in place.

No value was claimed by the petitioner for the lease as such, in this case, but the sum of $41,189.51 was spent in development. Regardless as to whether the petitioner correctly claimed this deduction as for exhaustion of its lease, or as depletion of its mineral reserve, it is clear that it is an allowable deduction under the conditions shown and the claims of the petitioner in respect thereto must be sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*